# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARIANE VEAL | * | CIVIL ACTION |
| | * | NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| | * | |
| HYATT CORPORATION, | * | |
| D/B/A GLOBAL CONTACT CENTER | * | MAGISTRATE |

* * * * * * * * * * * * * * * * *

**JURY TRIAL DEMANDED**

**COMPLAINT  - AMERICANS WITH DISABILITIES ACT;
FAMILY AND MEDICAL LEAVE ACT;
PREGNANCY DISCRIMINATION UNDER TITLE VII
AND LOUISIANA EMPLOYMENT LAW  VIOLATIONS**

THE COMPLAINT OF ARIANE VEAL (hereafter Mrs. Veal, or Plaintiff) a person of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana respectfully avers as follows:

1.      Made defendant is the Hyatt Corporation doing business as Hyatt Global Contact Center (hereafter, Defendant or Hyatt) a foreign corporation with a principal business office located at 9805 Q Street, Omaha, Nebraska, which is  authorized to do and doing business in Louisiana. Hyatt Global Contact Center provides hotel reservation services for Hyatt hotels and other properties in the state of Louisiana and elsewhere and it maintains a Registered Office in Baton Rouge, Louisiana.  At all times pertinent hereto, the actions complained of occurred within the Eastern District of Louisiana, in the Parish of Orleans.

2. Hyatt is not a charitable institution, is an employer as defined by the Title VII of the Civil Rights Act of 1963, by the Americans with Disabilities Act, by the Family and Medical Leave Ace and by the Louisiana Employment Discrimination Laws and is thus amenable to suit.

3. This action is brought pursuant to the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. § 12101, *et seq*. As such, jurisdiction is proper pursuant to 28 U.S.C. § 1331 and pursuant to the Court's pendant jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(a).

4. This action is also brought pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., as amended, and the Louisiana Employment Discrimination Law, La. R.S. 23:631 et seq. and principles of Louisiana tort law.

5. This action is also brought pursuant to Title VII of the Civil Rights Act of 1963, as amended and the Louisiana Employment Discrimination Law.

6. Plaintiff Ariane Veal is a resident of Orleans Parish, state of Louisiana.

7. Defendant, Hyatt Global Contact Center is a foreign corporation, with business headquarters located in Omaha, Nebraska which is authorized to do and is doing business in the Parish of Orleans, State of Louisiana, within the Eastern District of Louisiana.

8. Plaintiff filed ADA charge 461-2020-02460 with the United States Equal Employment Opportunity Commission and obtained a right to sue letter on September 25, 2020. Plaintiff further shows amicable demand and 30-day notice under Louisiana law, to no avail. Plaintiff files this, her complaint, timely.

**FACTS**

9.     Mrs. Veal began work at the Hyatt Global Contact Center through the Omaha Reservation Center in October 2018 as Guest Services Associate and later a Guest Services Associate. At all times Ms. Veal worked from her home in New Orleans, Louisiana.

10.    Mrs. Veal was terminated on or about January 9, 2020 when she was making $14.50 per hour with incentive pay and other employment benefits.

11.    Mrs. Veal was diagnosed by her treating physician in May 2019 with lumbosacral spondylolisthesis L5-S1 disc herniation with annular tear causing severe Lumbosacral facet syndrome. This condition limited Veal's ability to walk, sit, stand, run and perform certain manual tasks.

12.    Mrs. Veal discovered she was pregnant in October 2019. This complicated her medical condition. She was, however, at all times able to perform all the essential tasks of her job in Guest Services taking reservations over the telephone and the proprietary Hyatt communications system she operated from her home location with reasonable accommodation. Her doctor restricted her from sitting or standing for longer than one to one and one-half hours without a break of between five and 10 minutes. Mrs. Veal worked with these accommodations, took her prescribed medication, performed exercises at home and took appropriate breaks to moderate pain. She was able to perform all of her duties making reservations for Hyatt customers without any issues.

13.    Mrs. Veal had reapplied for and was granted intermittent FMLA leave, with her doctor recommending, on December 19, 2019, one scheduled appointment per week for 12 to sixteen weeks and a reduced work schedule of 4-6 hours per day, 3-4 days per week from November 21, 2019 through approximately July 1, 2020. Her healthcare provider predicted episodic flare-ups

necessitating Veal's absence from the job with the recommendation that she should rest during flare-ups and perform passive therapies. This doctor noted her pregnancy and stated that Veal was only capable of light rehab and limited therapies and advising that her healing might take longer than usual.

14.     Mrs. Veal's supervisor, Gena Coleman (Coleman), was not happy with Veal's intermittent work schedule or her pregnancy, and refused, on several occasions, to discuss accommodations with her. Instead, Coleman invented a situation where Coleman pretended Veal had violated a company policy by not reporting an absence within a specified time frame. In fact, Veal's FMLA status excepted her from that policy, according to specific and published Hyatt FMLA policy in effect at the time. Veal explained that particular fact, in detail, to both Coleman and the HR representative Kelli Eisenhauer, to no beneficial effect.

15.     Mrs. Veal missed her shift on January 8, 2020 because she was immobilized in bed, was in great pain and under sedation. Her phone was unavailable to her. Her husband away from the house on business and her children were with grandparents. Mrs. Veal immediately reported the situation to management at the start of her shift on January 9, 2020 at 6:30 a.m. She had similarly reported similar FMLA absences within that timeframe with no repercussions. She is able to document these occasions with emails. Mrs. Veal was terminated at the end of her shift that day.

16.     Mrs. Veal specifically informed her supervisor that she had been confined to her bed and in excruciating pain. She further informed Coleman that Hyatt's FMLA policy gives individuals 48 hours from the date of absence to report to management when using FMLA. But, again, all this was to no avail.

17. Gena Coleman recommended termination to HR representative Kelli Eisenhauer and Eisenhauer immediately and without independent enquiry followed through, leaving Veal unemployed and without insurance amid her pregnancy and medical complications.

18. Hyatt's actions interfered with Veal's right to take FMLA protected leave. It also constituted a violation of the federal and state disability statutes since Hyatt had repeatedly failed to dialog about ways to accommodate Veal's disabilities.

19. Defendant terminated Plaintiff due to her protected characteristics which included pregnancy, and disability, contrary to federal and state law.

20. Defendant's motivation for terminating Plaintiff also included impermissible retaliation for taking FMLA leave.

21. Plaintiff contends that Defendant thought she was actually disabled and/or regarded her as disabled and this was the motivating factor for her termination.

22. Defendant's termination of Plaintiff was done with reckless disregard for Plaintiff's federally protected rights.

**DAMAGES**

23. As a proximate result of Defendant's violation of the Americans with Disabilities Act, Title VII prohibiting pregnancy discrimination, the FMLA and of the Louisiana Employment Discrimination Law prohibiting disability discrimination and pregnancy discrimination in employment, Mrs. Veal has suffered damages in the following, non-exclusive respects:

   a. Loss of income and/or earnings potential with benefits and loss of professional reputation;

    b.    General damages to include pain and suffering, mental anguish, emotional distress (uncapped under Louisiana law), loss of enjoyment of life, inconvenience and humiliation;

    c.    Reinstatement or, in the alternative, front pay;

    d.    Reasonable attorney's fees, costs, and legal interest from the date of judicial demand according to the law of the State of Louisiana;

    e.    All equitable relief deemed just and proper by this Court,

    f.    All other statutory remedies available including punitive damages and liquidated damages under the ADA; and

    g.    Injunctive relief enjoining defendant from interfering with Plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana and Federal law.

24.    Mrs. Veal demands and is entitled to a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Ariane Veal prays that this, her Complaint, be cited and served on Defendant Hyatt Global Contact Center, that Defendant be required to answer same, that after due proceedings be had, judgment be rendered for Plaintiff and against Defendant in an amount to be determined as just under the circumstances, for all equitable relief deemed just and proper by this Court, and for legal interest from the date of judicial demand according to the law of Louisiana.

Plaintiff further prays for a trial by jury on all issue so triable.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

/s/Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
dale@daleslaw.com

*Attorney for Plaintiff*

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 10th day of December, in the year 2020.

ARIANE VEAL

TO SERVE:

UNITED STATES CORPORATION COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LOUISIANA 70802